

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2013

# USA v. Miguel Sandoval-Castillo

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-3933

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"USA v. Miguel Sandoval-Castillo" (2013). *2013 Decisions.* Paper 822.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/822

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————————

No. 11-3933
———————————

UNITED STATES OF AMERICA,

v.

MIGUEL SANDOVAL-CASTILLO,
Appellant

———————————

Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal No. 5-11-cr-00214-001)
District Judge: Honorable James Knoll Gardner

———————————

Submitted Under Third Circuit LAR 34.1(a)
September 28, 2012

Before: McKEE, *Chief Judge*, JORDAN and VANASKIE, *Circuit Judges*

(Opinion Filed: May 22, 2013)
———————————

OPINION
———————————

MCKEE, *Chief Judge*

Miguel Sandoval-Castillo has appealed the district court's refusal to grant a

downward variance from the  sentence suggested by the applicable guidelines range

following his conviction for illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

For the reasons that follow, we will dismiss this appeal.

As we write only for the parties who are familiar with the facts and procedural history of this case, we need not detail them here.

Sandoval-Castillo pled guilty to one count of illegal reentry after deportation, in violation of 18 U.S.C. § 1326(a) and (b)(2), and was sentenced to thirty months' imprisonment, a three year term of supervised release, and a special assessment of $100.00. This appeal followed.

## I.

18 U.S.C. § 3742 permits a defendant to appeal a sentence based on a belief that the District Court lacked the authority to grant a downward modification, but does not permit an appeal where the claim is merely that the trial court abused its discretion. *United States v. Ruiz*, 536 U.S. 622, 627 (2002). If the District Court understood that it had the authority to downwardly depart from the sentencing guidelines but chose not to, we lack jurisdiction to review that decision. *Id.*; *see also United States v. Cooper*, 437 F.3d 324, 332-33 (3d Cir. 2006) (concluding "18 U.S.C. §§ 3742(a) and (b) reflect Congress' intent to foreclose review of a sentencing court's decision not to depart" from advisory guidelines (citation omitted)).[1]

Sandoval-Castillo contends that the District Court failed to adequately consider a variance from the guidelines and imposed a substantively unreasonable sentence. Specifically, he argues the District Court failed to adequately address the factors set forth

---

[1] The question of whether this court's jurisdiction has been properly invoked is reviewed de novo. *In re Blatstein*, 192 F.3d 88, 94 (3d Cir. 1999).

in 18 U.S.C. § 3553(a)(1), by not adequately accounting for his relative level of cultural assimilation or the fact that his conviction is not in a "fast-track" jurisdiction.

The District Court is obligated to impose a sentence that is no greater than necessary to accomplish the statutory purpose of sentencing while considering each of the factors set forth in 18 U.S.C. § 3553(a) along with any other arguments properly raised by the parties. *United States v. Booker*, 543 U.S. 220 (2005); *Rita v. United States*, 551 U.S. 338 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007); *Cooper*, 437 F.3d at 332.

Our review of this record convinces us that the District Court considered the relevant facts and arguments as required by § 3553(a), and that the court knew it could deviate from the advisory Guidelines. The District Court considered, *inter alia*, Castillo-Sandoval's age upon entry into the United States, the nature and extent of his criminal history, the extent to which he had family in the United States, and his risk of recidivism. That court also considered whether the absence of a "fast track" program in the Eastern District of Pennsylvania warranted a downward modification, but rejected it because Sandoval-Castillo most likely would not have qualified for such a program because of the nature of his criminal history and because he had not waived his appellate rights. Finally, after hearing arguments pertaining to the appropriate sentence under 18 U.S.C. § 3553(a), the District Court imposed a sentence at the bottom of the Guideline range, concluding that a thirty month sentence is "the sentence which is sufficient, but not greater than necessary to comply with those sentencing factors."

Thus, the court's refusal to grant a downward variance was not due to a mistake of law about the court's authority to grant such an adjustment. Accordingly, we lack jurisdiction to consider this appeal, and the appeal will be dismissed.